IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANDREA C. WEATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14cv828 |
| | ) | |
| THOMAS J. ZIKO, in his | ) | |
| individual and official | ) | |
| capacity; GREGORY CONNOR, in | ) | |
| his individual capacity; | ) | |
| UNIVERSITY OF NORTH CAROLINA | ) | |
| AT CHAPEL HILL; HERBERT B. | ) | |
| PETERSON, in his individual | ) | |
| and official capacity; | ) | |
| JONATHAN KOTCH, in his | ) | |
| individual and official | ) | |
| capacity; BARBARA K. RIMER, in | ) | |
| her individual and official | ) | |
| capacity; and SANDRA L. | ) | |
| MARTIN, in her individual and | ) | |
| official capacity; | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case returns to the court for yet a third time as Plaintiff Andrea Weathers continues to overcome her previous dismissals.

In 2010, Weathers, an African-American professor at the University of North Carolina at Chapel Hill ("the University"), brought various racial discrimination claims against the University, Herbert Peterson, Jonathan Kotch, Barbara Rimer, Edward Foster, and Sandra Martin, for denying her reappointment and tenure. Weathers was represented by attorney Gregory S.

Connor.  Her claims were dismissed at summary judgment.  <u>Weathers</u> <u>v. Univ. of N.C. at Chapel Hill</u> (<u>Weathers I</u>), No. 1:08CV847, 2010 WL 4791809, at *1 (M.D.N.C. Nov. 18, 2010).  She appealed, and the Fourth Circuit affirmed the dismissal in an unpublished, per curiam opinion.  447 F. App'x 508 (4th Cir. 2011).

In 2013, Weathers filed a *pro se* complaint against the University, Peterson, Kotch, Rimer, and Martin.  The action brought seven claims, including a request to set aside the <u>Weathers I</u> judgment for alleged fraud on the court under Federal Rule of Civil Procedure 60(b) and an independent action in equity.  Weathers also brought various State law tort claims, as well as claims for constitutional violations.  Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all the claims.  Weathers then retained her attorney from <u>Weathers I</u>, Connor, to oppose the motion.  Ultimately, the district court found no fraud on the court and dismissed all claims.  <u>Weathers v. Univ. of N.C. at Chapel</u> <u>Hill</u> (<u>Weathers II</u>), No. 1:12CV1059, 2013 WL 5462300, at *8 (M.D.N.C. Sept. 30, 2013).  Weathers then moved the court to reconsider its Judgment pursuant to Federal Rule of Civil Procedure 59.  That motion was denied by the court.  <u>Weathers v. Univ. of</u> <u>N.C. at Chapel Hill</u>, No. 1:12CV1059, 2014 WL 198216 (M.D.N.C. Jan. 15, 2014).  Weathers appealed these rulings *pro se*, and the Fourth Circuit again affirmed by an unpublished, per curiam opinion.  578 F. App'x 300 (4th Cir. 2014).

In the present lawsuit, Weathers appears *pro se* and brings claims against the same Defendants as in <u>Weathers I</u> and <u>Weathers II</u> — the University, Peterson, Kotch, Rimer, and Martin — but also adds Connor, her former attorney, as well as Thomas Ziko, the attorney from the North Carolina Department Justice who represented the University and individual Defendants in <u>Weathers I</u> and <u>Weathers II</u>.

In her initial complaint in the present case, Weathers sought relief from judgment under Federal Rule of Civil Procedure 60(b); an independent action in equity for relief from a judgment; and constitutional claims under the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution. All Defendants moved to dismiss the claims, and Weathers responded with a motion for leave to amend her complaint. Connor and the "State Defendants" (all Defendants other than Connor) separately opposed the amendment.[1]

Weathers' proposed amended complaint seeks relief from the judgments in <u>Weathers I & II</u> pursuant to Federal Rule of Civil Procedure 60(b); an independent action in equity for relief from the judgments in <u>Weathers I & II</u>; a State law claim for fraudulent

---

[1]   The State Defendants filed an untimely response in opposition. Weathers consequently moved this court to consider her motion for leave to amend as uncontested regarding the State Defendants (Doc. 51). Because the State Defendants' response merely incorporates their arguments from their original, timely filed motion to dismiss, Weathers' motion will be denied as moot.

attorney practice under N.C. Gen. Stat. § 84-13 against Ziko and Connor; employment discrimination in violation of 42 U.S.C. §§ 1981 and 1983 against the University, Peterson, Rimer, Kotch, and Martin; employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. against the University, Peterson, Kotch, and Rimer; business discrimination in violation of N.C. Gen. Stat. § 75B-2 against all Defendants; and violations of Amendments Five, Seven, and Fourteen to the United States Constitution against all Defendants.

Weathers' motion for leave to amend will be denied as futile, her federal law claims will be dismissed with prejudice, and the court will decline jurisdiction over the State law claims. The court has already addressed Weathers' claims at significant length in two other cases, both of which she appealed. So, rather than to repeat that analysis yet again, the court will simply summarize the fundamental problems with Weathers' current lawsuit that require dismissal.

First, Weathers has failed to show any grounds for setting aside the judgments in Weathers I or Weathers II. Her attack on the Weathers I judgment under Rule 60(b) is untimely because the present action was not filed within one year of the entry of judgment by the district court. See The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1088-89 (10th Cir. 2005). As to the judgment in Weathers II, Weathers has failed to allege in her

4

complaint or her proposed amended complaint sufficient facts to make a claim of fraud plausible to avoid the judgment under Rule 60(b). In addition, even when construed as an independent action for relief from the previous judgments, as contemplated by Rule 60(d), Weathers' present action fails to state a claim for fraud on the court entitling her to relief. See Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 675 F.2d 1349, 1356 (4th Cir. 1982) ("Thus 'fraud on the court' is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.").

Second, Weathers' constitutional claims under the Fifth, Seventh, and Fourteenth Amendments fail against Connor, a private attorney, for lack of State action. Berry v. Porterfield, No. 3:08-CV-311-MU, 2008 WL 3154947, at *1 (W.D.N.C. Aug. 1, 2008), aff'd, 312 F. App'x 578 (4th Cir. 2009). These claims further fail against all Defendants for failing to state plausible claims for relief. See Iqbal, 556 U.S. at 678.

Third, Weathers' employment discrimination claims against the State Defendants — under Title VII, § 1981, and § 1983 — are barred by the doctrine of res judicata, since they all were or could have been brought in Weathers I or Weathers II. Union Carbide Corp. v. Richards, 721 F.3d 307, 314–15 (4th Cir. 2013). It is apparent

5

that the facts underlying her claims existed during those lawsuits. Thus, these claims will be dismissed. Alternatively, the claims fail to state a plausible claim, likewise warranting dismissal.

For these reasons, all of Weathers' federal claims, over which this court has original jurisdiction, will be dismissed with prejudice. This leaves only Weathers' claims for fraudulent attorney practice and business discrimination under North Carolina law. This court "may decline to exercise supplemental jurisdiction" over these State law claims because it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This decision lies within this court's discretion. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (footnote omitted)); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished.").

Having considered the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy," Shanaghan, 58

6

F.3d at 110, the court will decline to exercise supplemental jurisdiction over the State law claims. They will be dismissed without prejudice to being re-filed in an appropriate State forum. By dismissing the claims in this fashion, the court expresses no opinion on their viability.

IT IS THEREFORE ORDERED that Defendants' motions to dismiss (Docs. 19, 31) be GRANTED, Weathers' motion to amend (Doc. 37) be DENIED, and Weathers' motion to consider as uncontested (Doc. 51) be DENIED as moot. Weathers' federal law claims are hereby DISMISSED WITH PREJUDICE, and her State law claims are DISMISSED WITHOUT PREJUDICE.

A word of caution is in order. Weathers is proceeding *pro se*. *Pro se* litigants are entitled to consideration of their non-lawyer status. However, they are not entitled to be relieved of the applicable legal standards, rules of procedure, or deadlines. See Alston v. Becton, Dickinson & Co., No. 12-cv-452, 2014 WL 338804, at *3 (M.D.N.C. Jan. 30, 2014) ("[*P*]*ro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." (quoting Jones v. Phillips, 39 F.3d 158, 163 (7th Cir. 1994))). This includes Rule 11 of the Federal Rules of Civil Procedure, which provides that those who sign and file materials with the court are, by doing so, representing that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending,

modifying, or reversing existing law or for establishing new law"
and that "the factual contentions have evidentiary support." Fed.
R. Civ. P. 11(b). A violation of Rule 11 is subject to imposition
of sanctions. "There is . . . no doubt that *pro se* litigants are
subject to any and all appropriate sanctions for their misconduct."
Zaczek v. Fauquier Cnty., 764 F. Supp. 1071, 1077 (E.D. Va. 1991).
This includes pro se litigants who file frivolous or repetitive
complaints. Id. at n.21. Weathers is cautioned that her filings
reflect repetitive attempts to obtain relief after the court has
made a final decision, and she is encouraged to consult legal
counsel before she proceeds.


                                    /s/    Thomas D. Schroeder
                                  United States District Judge

June 25, 2015